IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHALE C. ALBERTY, JACQUELINE ALBERTY, JOHN M. ALBERTY, a minor child, ANASTASIA M. ALBERTY, a minor child, and GABRIELLE M. ALBERTY, a minor child,<br><br>      Plaintiffs,<br><br>      v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>      Defendant. | Civil Action No. 05-1319<br>Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiffs' Motion for Remand be denied.

### II. REPORT

This case involves claims related to Defendant's conduct in respect of an automobile policy insuring Plaintiffs at the time of a motor vehicle accident in August, 2003. Because this action was properly removed from Pennsylvania State to Federal Court, and meets the jurisdictional requirements of party diversity and amount in controversy, Plaintiffs' Motion for Remand should be denied.

A. <u>**Statement of Facts and Procedural History**</u>

Reading the Complaint in the light most favorable to Plaintiffs, Nationwide Mutual Insurance Company ("Defendant" or "Nationwide") charged to and accepted from Plaintiff Michael C. Alberty (Mr. Alberty) premiums for full tort automobile insurance (the "Policy") for approximately twenty-five (25) years. The Policy provided for maximum medical benefits of $10,000 per person and maximum lost income benefits of $25,000. In August, 2003, on the day before a family vacation, Mr. Alberty had four (4) new tires installed on his vehicle. The company improperly mounted one or more of the tires, causing one tire to come away from the wheel while the Alberty family, including three young children, was traveling the following day. All members of the family sustained injury in the resulting automobile accident and sought medical treatment; this included chiropractic treatment for the children.

In March, 2004, Nationwide filed a civil Complaint related to the children's chiropractic bills. It contended certain chiropractic charges[1] were outside its policy coverage because services were delegated by the chiropractor to assistant personnel (the "Denial Litigation"). Defendant named each member of the Alberty family as a Defendant in its Complaint, including the children, ages nine (9), seven (7) and five (5). Defendant also had an armed and uniformed sheriff serve process on each family member, including the young children. The children and their mother were individually and abrasively served at their home, causing no small distress. The action was subsequently voluntarily withdrawn by Praecipe by the Defendant.

---

1. These services were provided by Crossroads Chiropractic Clinic.

In August, 2005, Plaintiffs filed a Complaint in the Court of Common Pleas of Washington County, Pennsylvania at Civil Division No. 2005-5658 (the "State Action").  In their Complaint, Plaintiffs maintain, among other things, that Defendant was without reasonable basis for its denial of coverage for the chiropractic bills, and its refusal to pay and/or delayed payment of other claims; was without reasonable basis for its action against Plaintiffs in the Denial Litigation; and was without reasonable basis for its failure to identify the children as minors in the Complaint and/or its service upon them, all of which was intended to harass and intimidate Plaintiffs.   Plaintiffs' State Action includes claims for malicious prosecution, wrongful use of civil proceedings, abuse of civil process, breach of contract, violation of the Dragonetti Act (42 Pa.C.S. § 8351), and bad faith (42 Pa.C.S. § 8371).  Defendant timely filed a Notice of Removal in this action on September 21, 2005, after which Plaintiffs filed their Response and Objection as well as a Motion to Remand.

**B.  Parameters of Removal**

Any civil action filed in state court may be removed to federal court if it could properly have been filed there.  28 U.S.C. § 1441.  Once an action has been so removed, remand is appropriate if the federal court lacks subject matter jurisdiction over the dispute.  28 U.S.C. § 1447(c).  A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interests and costs.  28 U.S.C. § 1332.

**C. Analysis**

1. Diversity

Plaintiffs assert a lack of diversity between the parties principally on the basis of a misunderstanding of 28 U.S.C. § 1332(c)(1). This statutory provision governs the citizenship of insurance corporations for purposes of the District Courts' original jurisdiction. More specifically, it provides that while a corporation will be deemed a citizen of the State in which it has been incorporated and has its principal place of business, in "any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the [insured's State of citizenship] as well . . . ." As its language indicates, subsection (c)(1) applies to direct actions against insurance companies standing in the place of insurees against whom a plaintiff asserts liability; its plain language does not encompass suits for first-party benefits brought by an insured against his own insurer. Accordingly, the federal courts have consistently held that in such cases § 1332(c)(1) does not destroy the District Court's diversity jurisdiction over a removed action. See, *e.g.*, Kauffman v. Aetna Casualty & Surety Co., 1991 WL 209704 (E.D. Pa. Oct. 10, 2991);[2] Medical Research Centers, Inc. v. St. Paul Property and Liability Ins., 303 F.Supp.2d 811 (E.D. La. 2004); Woodstock Resort Corp. v. Scottsdale Ins., 921 F.Supp. 1202 (D. Vt. 1995); Field v. Liberty Mut. Ins. Co., 769 F.Supp. 1135 (D. Hawaii 1991); Basel v. Allstate Ins. Co., 757 F.Supp. 39 (N.D. Cal. 1991); see also 28 U.S.C. § 1332, note 987; Defendant's Brief in Opposition at 4-9.

---

2. As the Kauffman Court observes, the Third Circuit has "concluded that an action against an insurer [by its insured] . . . was not a direct action . . . within the meaning of section 1332(c)(1)." Id. (citing Myers v. State Farm Ins. Co., 842 F.2d 705, 707 (3d Cir. 1988)).

As Plaintiffs are citizens and residents of the Commonwealth of Pennsylvania and Defendant is an Ohio Corporation having its principal place of business in Ohio, this Court has diversity jurisdiction.[3]

### 2. Amount in Controversy

Plaintiffs also erroneously assert that this Court lacks original jurisdiction because the amount in controversy does not exceed $75,000. Plaintiffs seek not only medical and income benefits,[4] but also punitive damages and counsel fees and costs.

When the amount in controversy is unclear from the face of the Complaint, the Court is to read the Complaint generously and arrive at a reasonable appraisal of the claims being litigated.[5] Such appraisal is to include the reasonable value of the potential punitive damages. An action is not to be remanded to state court unless it is "apparent, to a legal certainty" that the plaintiff's claim cannot meet the amount in controversy requirement. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938); Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392 (3d Cir. 2004); Roth v. US LEC of Pa., Inc., 2005 WL 2340468, *2 (E.D. Pa. Sept. 23, 2005).

---

3. Plaintiffs' subsidiary arguments regarding diversity - including reliance upon 28 U.S.C. § 1369 and Allstate Insur. Co. v. Seelye, 198 F.Supp.2d 629 (W.D. Pa. 2002) - are entirely without merit for reasons adequately addressed in Defendant's Brief in Opposition.

4. See Complaint (specifying that the Policy provides up to $10,000 in medical benefits for each of the five family members); id. (seeking lost income benefit as to Mr. Alberty).

5. See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (directing that the court measure "not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

5

In the instant case, Plaintiffs seek (a) medical benefits under a policy providing for maximum benefits of $10,000 to each of the five (5) Plaintiffs, as well as (b) lost income benefits to Mr. Alberty under a policy providing up to $25,000 under the policy limits.  Clearly these amounts are insufficient to bring any Plaintiff's amount in controversy to the statutory minimum, as the largest claim for compensatory damages - that of Mr. Alberty - is not in excess of $35,000.[6]  In addition, however, Plaintiffs seek punitive damages, fees and costs for bad faith under 42 Pa.C.S. § 8371.  So long as this Court adjudges that punitive damages are potentially recoverable under Plaintiffs' cause of action, they are to be included.[7]  Similarly, although 28 U.S.C. § 1332 excludes "interests and costs" from the amount in controversy, attorney's fees are included where they are available to successful plaintiffs under the statutory cause of action, as they are under 42 Pa.C.S. § 8371.  See Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).[8]

---

6. See Meticare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999) (holding that claims may not be aggregated among plaintiffs to meet the statutory minimum) (citing 14B Wright, Miller & Cooper, Federal Practice and Procedure 3d § 3704 at 134 (1994)).

7. See  Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) (noting that "[i]f appropriately made . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum"); id. (holding that the Court may include punitive damages unless the demand is patently frivolous and without foundation).  See also Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) (holding that where complaint seeks punitive damages available under state law and claims are not otherwise without foundation, pleadings satisfy necessary amount in controversy).

8. Cf. Defendant's Brief in Opposition at 15 (citing Willow Inn, Inc. v. Public Serv. Mutual Ins. Co., 2005 U.S. App. LEXIS 2391 (3d Cir. 2005) as "supporting the inclusion of attorney's fees incurred by the insured in the compensatory damage award which can be considered in calculating the punitive damage award").  In Willow Inn, following a bench trial, the District Court awarded $2,000 in compensatory damages on the contract claim (the balance of the policy limit owed),but also awarded in excess of $135,000 in attorneys fees and costs and $150,000 in punitive damages under the bad faith statute.  See id.

The amount in controversy is, therefore, within this Court's jurisdiction.[9]

### 3.  Rule 11

For the reasons set forth above, Plaintiffs' invocation of Rule 11 in their Motion to Remand is unjustified.

### 4.  Proceedings in Federal Court

Plaintiffs' filings to date reflect numerous fundamental misunderstandings of areas of the statutory and case law relevant to this litigation.   Inclusion of entirely inapposite analysis and other extraneous materials in Plaintiffs' filings will burden the Court's time as the litigation proceeds, and the Court requests that Mr. Alberty be mindful of this should he elect to continue *pro se*.

## III. CONCLUSION

Because this action was properly removed from Pennsylvania State to Federal Court, and meets the jurisdictional requirements of party diversity and amount in controversy, Plaintiffs' Motion for Remand should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date

---

9. This Court finds hyperbolic, at least at this juncture, Defendant's assertion that this case could result in verdicts to the Alberty family totaling $450,000 and that, therefore, each individual Plaintiff's claim satisfies the statutory minimum. See Defendant's Brief in Opposition at 18, n. 7. It is satisfied, however, that it may exercise its original jurisdiction over the entire action where the amount in controversy as to one Plaintiff, *e.g.*, Mr. Alberty, meets that minimum. See Exxon Mobil Corp. v. Allapattah Servs., 125 S.Ct. 2611 (2005).

of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

          /s/ Lisa Pupo Lenihan
          LISA PUPO LENIHAN
          United States Magistrate Judge

Dated: October 24, 2005

cc:    The Honorable Joy Flowers Conti
      United States District Judge

      Michael C. Alberty, Esq.
      Alberty Law Office, Suite 403
      Board of Trade Building
      80 12th St.
      Wheeling, WV 26003
      *Pro Se* Plaintiff

      Krista Kochosky, Esq.
      Dickie, McCamey & Chilcote, P.C.
      Two PPG Place, Suite 400
      Pittsburgh, PA  15222
      Counsel for Defendant